IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-53542-C |
| | § | |
| CARLOS CRESPO VASQUEZ | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 PROCEEDINGS |

## MOTION FOR ORDER AVOIDING
## JUDGMENT LIEN ON EXEMPT PROPERTY

**AN ORDER WILL BE ENTERED GRANTING THE RELIEF REQUESTED HEREIN WITHOUT FURTHER HEARING UNLESS A WRITTEN OBJECTION AND REQUEST FOR HEARING IS FILED WITH THE CLERK WITHIN TWENTY (20) DAYS OF THE DATE OF ISSUANCE OF THIS NOTICE. ANY SUCH OBJECTION MUST ALSO BE SERVED UPON THE MOVING PARTY AND UPON ALL OTHER PERSONS INDICATED ON THE CERTIFICATE OF SERVICE ATTACHED TO THIS PLEADING.**

Pursuant to 11 U.S.C. 522 (f)(1)(A) and (2)A and Bankruptcy Rules 4003 (d) and 9014, the Debtor, by and through his attorney, represents as follows:

1. The Debtor hereby moves the Court pursuant to The Texas Constitution Article 16 § 50,51 & Texas Property Code § 41.001 & 41.002 for an Order avoiding a judgment lien of Halff Brothers Ranch, LTD, (hereinafter called "Creditor") on property of the Debtor as a lien that impairs the interest of Debtor in exempt homestead property. Exhibit "A".

2. Pursuant to Bankruptcy Local Rule 9013(e), the Debtor states that they selected State Exemptions in this case.

3. Such lien impairs the interest of the Debtor in property of a kind described in The Texas Constitution Article 16 § 50,51 & Texas Property Code § 41.001 & 41.002, in which the Debtor is entitled to claim an exemption and has claimed an exemption in this case. Such property is more particularly described as the debtor's homestead exemption. The Debtor has elected the State Exemptions and the lien impairs the Debtor's exemption under State law.

4. The MATHEMATICAL COMPUTATION REQUIRED by §522(f)(2)(A) of the Bankruptcy Code is as follows:

   (i) the lien ................................................................$4,999.00
   (ii) all other liens on the property........................................$18,523.39
   (iii) the amount of exemption that the debtors would claim if there were no liens on the property...............................................$66,900.00

SUMMATION OF ABOVE..................................................$90,422.39

The value that the Debtors' interest in the
Property would have in the absence of
Any liens.........................................................................$66,900.00

VALUE TOTAL...........................................................$66,900.00

    If the Summation total is in excess of the Value total, then in accordance with §522(f)(2)(A) and 522(b)(2), the lien shall be considered to impair an exemption, and the Debtor can avoid the lien.

    5.   Pursuant to Local Rule 9014 (b) & (c), if no objection or response is received from any party in interest within 20 days after the date reflected in the Certificate of Service, Debtor requests that this Motion be granted *ex parte*, without the necessity of having further notice and hearing.

    WHEREFORE, the Debtor requests entry of an Order avoiding the lien of said Creditor and providing that, unless this case is dismissed, such lien shall not survive this Bankruptcy proceeding or fix to or remain enforceable against the interest of the Debtors in any of the aforementioned property following the conclusion of this case.

Respectfully submitted,

Law Offices of Jan Perry Lederer, P.C.
750 E. Mulberry Ave., Ste. 401
San Antonio, Texas 78212
Tel: (210) 733-9400
Fax: (210) 733-5966

By:_____
    JAN PERRY LEDERER
    State Bar No. 12108100
    Attorney for Debtor

12/1/08
DATE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-53542-C |
| | § | |
| CARLOS CRESPO VASQUEZ | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 PROCEEDINGS |

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the above and foregoing Motion for Order Avoiding Lien on Exempt Property and the proposed Order, have been forwarded through the United States Mail, properly stamped and addressed to the following parties in interest and to the matrix attached hereto as Exhibit "A."

United States Trustee
P.O. Box 1539
San Antonio, Texas 78295-1539

Halff Brothers Ranch LTD
PO Box 428
Pearsall, TX 78061

Marion A. Olson, Jr Trustee
909 NE Loop 410 Suite 400
San Antonio, TX 78217

Carlos Vasquez
104 E. Thompson
San Antonio, TX 78225


                      _____
                      JAN PERRY LEDERER

12/1/08
Date

Angelia Nava
c/o Attorney General Child
Attn: Bankruptcy
PO Box 12017 Credit Group

Linebarger Goggan Blair
Pena & Sampson, LLP
711 Navarro, Suite 300
San Antonio, TX 78205

Wffinancial
1240 Office Plaza Dr
West Des Moines, IA 50266

Arrow Financial Services
5996 W Touhy Ave
Niles, IL 60714

Midland Credit Mgmt
8875 Aero Dr   Ste 200
San Diego, CA 92123

First Select Corporation
Attn: Bankruptcy
3200 Hobson St
Detroit, MI 48201

San Antonio Credit Uni
Attn: Bankruptcy
PO Box 1356
San Antonio, TX 78295

Ford Motor Credit Corporat
National Bankruptcy Center
PO Box 537901
Livonia, MI 48153

Sylvia A. Romo
C/O Linebarger Heard Gogga
Graham Pena & Sampson, LLP
711 Navarro, Ste. 300

Gabriel Escobedo
1803 West Valley
San Antonio, TX 78227

Texas Workforce Commission
P.O. Box 877
Austin, TX 78767-0877

I C System Inc
Po Box 64378
Saint Paul, MN 55164

U.S. Attorney
Vet. Admin/Fed Housing Adm
601 N.W. Loop 410, Ste. 60
San Antonio, TX 78216-5512

IRS
P.O. Box 21126
Philadelphia, PA 19114

U.S. Attorney General
10th & Constitution, Room
Washington, DC 20530

IRS - Special Procedure
P.O. Box 21126
Philadelphia, PA 19114

U.S. Attorney General
Department of Education
10th & Constitution, Room
Washington, DC 20530

Jim Halff
Halff Brothers Ranch LTD
PO Box 428
Pearsall, TX 78061

U.S. Trustee
P.O. Box 1539
San Antonio, TX 78295

Law Offices of Jan Perry L
750 E. Mulberry, Ste. 401
San Antonio, Texas 78212

Washington Mutual Mortgage
Attention: Bankruptcy Dep
7255 Bay Meadows Way
Jacksonville, FL 32256